IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00344-BNB

MICHAEL LAWRENCE,

    Plaintiff,

v.

AMY BLACKMAN, individually and in her official capacity as a representative of the
    Denver, Colorado Adult Probation Department,
DAVID GILL, individually and in his official capacity as a representative of the Denver,
    Colorado Adult Probation Department,
FRAN JAMISON, individually and in her capacity as Chief Probation Officer of the
    Denver Adult Probation Department,
THE DENVER, COLORADO ADULT PROBATION DEPARTMENT,
DARRYL F. SHOCKLEY, individually and in his official capacity as a representative of
    the Denver District Attorney's office,
MITCHELL R. MORRISSEY, individually and in his official capacity as Denver District
    Attorney,
THE DENVER DISTRICT ATTORNEY'S OFFICE,
DEBORAH HANSEN, individually and in her official capacity as Police Officer for the
    City of Apex, North Carolina,
JOHN W. LETTENEY, individually and in his capacity as Apex, North Carolina Chief of
    Police,
THE POLICE DEPARTMENT OF THE CITY OF APEX, NORTH CAROLINA,
C. COLON WILLOUGHBY, individually and in his official capacity as the Wake County,
    North Carolina District Attorney,
THE WAKE COUNTY, NORTH CAROLINA DISTRICT ATTORNEY'S OFFICE,
JOHN DOE #1, individually and in his official capacity as a representative of the Wake
    County, North Carolina District Attorney's Office,
JOHN DOE#2, individually and in his official capacity as a representative of the Wake
    County, North Carolina District Attorney's Office,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

Plaintiff, Michael Lawrence, resides in Cary, North Carolina. He initiated this

action on February 6, 2014, by filing a Complaint asserting a deprivation of his Fourth,

Eighth, and Fourteenth Amendment constitutional rights pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint on February 24, 2014. (ECF No. 7).

Mr. Lawrence has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court must construe the Amended Complaint liberally because Mr. Lawrence is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Complaint and has determined that it is deficient. For the reasons discussed below, the Amended Complaint will be dismissed, in part, and the remainder drawn to a presiding judge, and, if appropriate, a magistrate judge.

In his Amended Complaint, Mr. Lawrence sues fourteen defendants, including the Denver County Adult Probation Department, Chief Probation Officer Fran Jamison, Amy Blackman, and David Gill (hereinafter the "Denver Probation Defendants"); the Denver District Attorney's Office, District Attorney Mitchell R. Morrissey, and Deputy District Attorney, Darryl Shockley (hereinafter the "Denver District Attorney Defendants"); the Town of Apex, North Carolina Police Department, Police Chief John W. Letteney, Police Officer Deborah Hansen (hereinafter the "North Carolina Police

Defendants"); and the Wake County, North Carolina District Attorney's Office, Wake County District Attorney C. Colon Willoughby, and Assistant District Attorneys John Doe #1 and John Doe #2 (hereinafter the "North Carolina District Attorney Defendants"). Plaintiff contends that the Defendants have violated his Fourth, Eighth, and Fourteenth Amendment constitutional rights by causing his unlawful arrest and confinement in jail without probable cause in both Wake County, North Carolina, and Denver County, Colorado.  He seeks compensatory and punitive damages.

Plaintiff asserts that in July 2010, he was sentenced to three years of probation to be supervised by the Denver County Adult Probation Department.  (ECF No. 1 at 3). He alleges that in February 2011, he attempted to obtain permission to leave the state of Colorado and move to North Carolina by leaving a phone message with Defendant Blackman, but that Defendant Blackman never responded to the request.  (*Id.*). Plaintiff asserts that on or about February 27, 2011, he nonetheless moved to North Carolina.  (*Id.* at 4).   Plaintiff asserts that on or about June 1, 2011, Defendants Blackman and Gill filed a Complaint to Revoke Probation and Request for Alias Warrant/Order with the Denver County District Court.  (*Id.*).  Plaintiff alleges that the Complaint to Revoke Probation was defective because Defendants Blackman and Gill failed to allege that Plaintiff had the ability to comply with the relevant probation terms and failed to allege contempt.  (*Id.*).  On June 3, 2011, the Denver County District Court issued an Order for Alias Warrant for the apprehension and detention of Plaintiff.  (*Id.* at 4, 10).  Plaintiff asserts that he was never informed of the issuance of the Warrant.  (*Id.* at 4).  Plaintiff further asserts that the Defendant Denver County Adult Probation Department was responsible for training and supervising Defendants Blackman and Gill

and implementing the policies and procedures that Defendants Blackman and Gill followed in preparing the allegedly defective Complaint to Revoke Probation. (*Id.* at 6-7).

On September 24, 2012, Plaintiff alleges that he was stopped in Apex, North Carolina, by Defendant Hansen who discovered the existence of the Alias Warrant in Colorado. (*Id.* at 5). Defendant Hansen arrested Plaintiff pursuant to a "Fugitive Affidavit" stating that Plaintiff was charged with the commission of three crimes in Colorado and had fled from justice. (*Id.* at 11). Plaintiff asserts he was detained in the Wake County jail pursuant to a "Warrant for Arrest for Fugitive" based on Defendant Hansen's improper affidavit and that excessive bond in the amount of $200,000 was imposed. (*Id.* at 5). Plaintiff argues that Defendant Hansen failed to provide any probable cause to justify his arrest because the Fugitive Affidavit was based on incorrect facts. (*Id.*). He contends that the Defendants Town of Apex, North Carolina Police Department and Police Chief Letteney were responsible for Defendant Hansen's insufficient and defective training, which caused a deprivation of his constitutional rights by causing the initiation of Plaintiff's alleged unlawful confinement and the imposition of excessive bond. (*Id.* at 8-9).

Plaintiff further contends that the North Carolina District Attorney Defendants caused the continuation of his confinement with malicious intent. In support, Plaintiff asserts that at his first appearance hearing, Defendant Assistant District Attorney John Doe #1 was aware that Plaintiff had appeared for trial in Colorado but failed to act on that knowledge, thereby violating Plaintiff's Fourth Amendment rights. (*Id.* at 5). Plaintiff also contends that during his extradition hearing on or about October 27, 2012,

Defendant Assistant District Attorney John Doe #2 moved the court to find that Plaintiff was barred from objecting to extradition and amended the Fugitive Affidavit and Warrant for Arrest of Fugitive to reflect a charge of probation violation rather than the charge of fleeing justice before trial could be held.  (*Id.* at 6).

Plaintiff alleges that on or about November 9, 2012, he was extradited to the Denver County jail and bond was reduced to $5,000, thereby allowing Plaintiff to bond out of jail on or about November 11, 2012.  (*Id.*).  Plaintiff alleges that despite being properly bonded out, he was arrested and detained for approximately half an hour on or about November 13, 2012, due to the Alias Warrant.  (*Id.*)  Plaintiff asserts that on or about January 10, 2013, the Denver Probation Defendants, represented by Defendant Deputy District Attorney Shockley, moved to voluntarily withdraw the Complaint to Revoke Probation, which the Denver County District Court granted.  (*Id.*).  Plaintiff asserts that Defendants District Attorney Morrissey and the Denver District Attorney's Office failed to properly supervise the Denver Probation Defendants, which allowed the defective warrant against Plaintiff to issue and continue as an active warrant despite the absence of facts to justify it.  (*Id.* at 9).  Plaintiff further asserts that the Denver District Attorney Defendants "failed to investigate the plaintiff's arrest and incarceration in a timely manner, and thus failed to dismiss the Complaint for Revocation of Probation when they should have, and they thereby failed to minimize the plaintiff's time in jail."  (*Id.*).

**A.  Claims against the North Carolina Police Defendants and North Carolina District Attorney Defendants**

Plaintiff's claims against the North Carolina Police Defendants and North

Carolina District Attorney Defendants are not properly before this Court and are subject to *sua sponte* dismissal. *See Trujillo v. Williams,* 465 F.3d 1210, 1217 (10th Cir. 2006). Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The North Carolina Police Defendants and North Carolina District Attorney Defendants do not reside in Colorado and the specific acts alleged against them occurred in North Carolina. (*See* ECF No. 1 at 5-6, 8-9, 11). Thus, this Court lacks proper venue to review the claims against the North Carolina Police Defendants and North Carolina District Attorney Defendants, and the claims are dismissed without prejudice. Plaintiff properly may raise those claims in an appropriate court in North Carolina.

**B. Claims against the Denver District Attorney Defendants**

State prosecutors are entitled to absolute immunity against suits brought pursuant to [ § ] 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions. *Gagan v. Norton,* 35 F.3d 1473, 1475 (10th Cir. 1994). Actions more appropriately characterized as "investigative or administrative" are not protected by absolute immunity. *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir. 1991). Thus, one exception to absolute immunity for prosecutors involves prosecutors who attest

to the truth of the facts in an affidavit used to obtain an arrest warrant.  *See Scott v. Hern,* 216 F.3d 897, 909 (10th Cir. 2000)**.**

Here, Plaintiff's allegations against the Denver District Attorney Defendants relate to activities intimately associated with the judicial process.  Indeed, his claim primarily is based on the Denver District Attorney Defendants' decision to allow the Alias Warrant to issue and their failure to dismiss the Complaint to Revoke Probation at an earlier time.  The Amended Complaint alleges only that the Alias Warrant issued—not that the Denver District Attorney Defendants attested to the facts used to obtain the warrant.  *See Kirby v. Dallas County Adult Probation Department,* 359 Fed. Appx. 27, 32 (10th Cir. 2009) (holding that prosecutor was entitled to absolute prosecutorial immunity where complaint alleged only that prosecutor obtained warrants and not that he attested to the facts used to obtain them).  Thus, the exception to absolute prosecutorial immunity does not apply, and the claims against the Denver District Attorney Defendants are dismissed because these Defendants are protected by absolute immunity.

**C.  Claims against the Denver Probation Defendants**

In the Tenth Circuit, "decisions involving the revocation of probation or parole by a probation or parole officer warrant only qualified, not absolute, immunity."  *Snell v. Tunnell,* 920 F.2d 673, 692 n.18 (10th Cir. 1990).  Thus, after initial review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that Plaintiff's claims against the Denver Probation Defendants do not appear to be

appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Plaintiff's claims against the North Carolina Police Defendants and North Carolina District Attorney Defendants are DISMISSED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that Deborah Hansen, John W. Letteney, The Police Department of the City of Apex, North Carolina, C. Colon Willoughby, The Wake County, North Carolina District Attorney's Office, John Doe #1, and John Doe #2 are DISMISSED as parties to this action.  It is

FURTHER ORDERED that the claims against the Denver District Attorney Defendants are DISMISSED without prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).  It is

FURTHER ORDERED that Darryl F. Shockley, Mitchell R. Morrissey, and The Denver District Attorney's Office are DISMISSED as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  6th  day of      March     , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court