IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00344–RM–KMT

MICHAEL LAWRENCE,

      Plaintiff,

v.

AMY BLACKMAN, individually and in her official capacity as a representative of the
Denver, Colorado Adult Probation Department,
DAVID GILL, individually and in his official capacity as a representative of the Denver,
Colorado Adult Probation Department,
FRAN JAMISON, individually and in her capacity as Chief Probation Officer of the Denver
Adult Probation Department, and
THE DENVER, COLORADO ADULT PROBATION DEPARTMENT,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on "Defendants' Motion to Dismiss Based on Qualified

Immunity and Lack of Subject Matter Jurisdiction." (Doc. No. 24, filed May 6, 2014.) For the

following reasons, the court RECOMMENDS that Defendants' Motion to Dismiss be

GRANTED.

## FACTUAL BACKGROUND

      The following facts are derived from Plaintiff's First Amended Complaint (Doc. No. 7

[Am. Compl.]) and the parties' briefing with respect to Defendants' Motion to Dismiss.

      On June 2, 2010, Plaintiff was found guilty in Denver District Court on charges of

forgery, attempt to influence a public servant, and filing a false instrument. Plaintiff was later

sentenced to 18 days in the Denver County Jail and three years of probation, to be supervised by Defendant Denver Adult Probation Department (DAPD).

By February 2011, Plaintiff was unable to secure employment, had run out of money, and was being evicted from his apartment.  On February 5, 2011, Plaintiff left a voicemail with his probation officer, Defendant Amy Blackman, advising her of his financial situation and seeking permission to move from Colorado to North Carolina, where Plaintiff's brother had offered him a play to stay.  Plaintiff alleges that the policies and procedures of DAPD required Defendant Blackman to provide Plaintiff with the requested written permission to leave Colorado. Defendant Blackman allegedly did not respond to Plaintiff's voicemail.

In late February 2011, Plaintiff moved from Colorado to North Carolina.  Plaintiff notified Defendant Blackman of this move by email on February 28, 2011.  Shortly after arriving in North Carolina, Plaintiff allegedly emailed Defendant Blackman his new address.

Defendant Blackman subsequently directed Plaintiff to appear on May 31, 2011 for a meeting in Denver.  Plaintiff maintains he emailed Defendant Blackman to let her know that he could not afford to attend the May 31, 2011meeting.  Plaintiff also allegedly reiterated his request for Defendant Blackman to provide written permission for him to live in North Carolina and to transfer his probation supervision to North Carolina.

On June 1, 2011, Defendant Blackman and Defendant David Gill, another Denver Probation Officer, filed a Complaint to Revoke Probation and Request for Alias Warrant/Order in Denver District Court.  Defendants Blackman and Gill alleged that Plaintiff had failed to comply with three unspecified terms of his probation.  Plaintiff alleges, however, that Defendants

2

Blackman and Gill failed to allege that he had the ability to comply with the three unspecified

probation terms and that this shortcoming divested the Denver District Court of jurisdiction to

act on the Complaint to Revoke Probation.

On June 3, 2011, the Denver District Court granted Defendant Blackman and Gill's

Request for Alias Warrant/Order and issued an Alias Warrant requiring Plaintiff to respond to

the Complaint to Revoke Probation.  Plaintiff alleges that the Denver District Court had no

probable cause to find that Plaintiff could have complied with the probation terms—namely,

because Defendants Blackman and Gill had not alleged such facts.  Plaintiff further alleges that

he was never notified of the Alias Warrant.

On September 24, 2012, Plaintiff was arrested on the Alias Warrant in North Carolina.

On November 9, 2012, Plaintiff was extradited to Colorado.  Plaintiff bond was set at $5,000.

Plaintiff bonded out, but was nevertheless arrested again on November 13, 2012 on the same

Alias Warrant and was detained for approximately one half-hour.

On November 15, 2012, the Denver District Court set a hearing for January 10, 2013 on

the Complaint to Revoke Probation.  On January 10, 2013, DAPD, represented by the Denver

District Attorney's Office, moved to voluntarily withdraw the Complaint to Revoke Probation.

The Denver District Court granted the motion and the Complaint to Revoke Probation was

dismissed on January 10, 2013.

## PROCEDURAL HISTORY

Plaintiff's First Amended Complaint was filed on February 24, 2014 and asserts a single

claim, pursuant to 42 U.S.C. § 1983, for violations of the Fourth, Eighth, and Fourteenth

Amendments.  (*See* Am. Compl.)  In addition to the Defendants presently before the court, the

First Amended Complaint asserted claims against a number of additional individuals and entities.

Senior District Judge Lewis T. Babcock dismissed these additional defendants on March 6, 2014

(*see* Doc. No. 8) and Plaintiff has not challenged that Order.  Accordingly, only Plaintiff's claims

against Defendants Blackman, Gill, Jamison, and DAPD remain.

Defendants Motion to Dismiss was filed on May 6, 2014.  (*See* Mot. Dismiss.)  Plaintiff's

Response was filed on May 27, 2014 (Doc. No. 26 [Resp.]) and Defendants' Reply was filed on

June 6, 2014 (Doc. No. 27 [Reply]).  Accordingly, this matter is ripe for the court's review and

recommendation.

## LEGAL STANDARDS

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less

stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(citations omitted).  A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct.

897, 74 L.Ed.2d 723 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.

1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**B.     Lack of Subject Matter Jurisdiction**

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a

party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations ... [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

C.      ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual

allegations are true and construes them in the light most favorable to the plaintiff." *Bellmon*, 935

F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts

which allow "the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court

identifies "the allegations in the complaint that are not entitled to the assumption of truth," that

is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 678-80. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted).

## ANALYSIS

### A.    *Eleventh Amendment Immunity*

Defendants argue that Plaintiff's claim against the DAPD and the individual defendants in their official capacities is barred by Eleventh Amendment immunity. The court agrees.

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a

citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70–71.

Plaintiff argues that the Eleventh Amendment does not apply here because the Denver Adult Probation Department is a municipal entity rather than a state entity. Plaintiff is incorrect. The probation departments in each judicial district are arms of the judicial branch of the State of Colorado. *People v. Snare,* 7 P.3d 1025, 1028 (Colo. App. 1999); *see also* Colo. Rev. Stat. § 16-11-208 (probation officers are appointed pursuant to Colo. Rev. Stat. § 13-3-305, which governs the appointment and removal of judicial branch personnel, and take an "oath of office as officers of the court"). It is beyond dispute that the judicial branch of the State of Colorado is entitled to Eleventh Amendment immunity from § 1983 claims. *See, e.g., DeMillard v. Municipality of Denver, Colo.,* No. 10-cv-002536-BNB, 2011 WL 900827, at *2 (D. Colo. Mar. 11, 2011); *Buhendwa v. Regional Transp. Dist.,* No. 12-cv-01711-PAB-CBS, 2013 WL 1222307, at *3 n.9 (D. Colo. Mar. 22, 2013). Accordingly, the court finds that Plaintiff's claims DAPD and the individual defendants in their official capacity are barred by Eleventh Amendment immunity.

**B.    *Personal Participation of Defendant Jamison***

Defendants argue that Plaintiff's allegations fail to demonstrate that Defendant Jamison personally participated in any violation of Plaintiff's constitutional rights.  The court agrees.

Personal participation is an essential allegation in a § 1983 claim.  *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976).  "Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation."  *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997).  Liability under § 1983 does not lie merely because an individual had general supervisory authority over another person who actually commits a constitutional deprivation.  Instead, a defendant may be held liable only for personally engaging in the conduct constituting the deprivation, for controlling or directing the conduct, or for promulgating and/or implementing an official policy that caused the complained of constitutional harm.  *Martinez v. Milyard,* 440 F. App'x 637, 638 (10th Cir. 2011) (citing *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2011) (citing *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009); *Dodds v. Richardson,* 614 F.3d 1185, 1999 (10th Cir. 2011)).  In order to show a supervisor's failure to adequately train or supervise his subordinates amounted to a constitutional violation, the superior must have participated or acquiesced in the claimed constitutional violation.  *Stuart v. Jackson,* 24 F. App'x 943, 955 (10th Cir. 2001) (citing *Meade v. Grubbs,* 841 F.2d 1512, 1527-28 (10th Cir. 1988)).

Plaintiff's First Amended Complaint does not feature any allegations regarding Defendant Jamison.  Instead, Plaintiff contends that his allegations that *DAPD* was responsible for properly training and supervising Defendants Blackman and Gill (Am. Comp. ¶ 60), that

*DAPD* was responsible for establishing policies and procedures for its employees (*id.* ¶ 61), and that Defendants Blackman and Gill were acting in accord with *DAPD* policies and procedures when they prepared and filed the June 1, 2011 Complaint to Revoke Probation (*id.* ¶ 63) are sufficient to establish Defendant Jamison's personal participation.  However, even assuming that Plaintiff's allegations against the DAPD may be imputed to Defendant Jamison, they fail to establish Defendant Jamison's personal participation in the violations of Plaintiff's constitutional rights.

First, Plaintiff's allegations are devoid of any facts suggesting that Defendant Jamison was somehow involved in or acquiesced to Defendants Blackman and Gill's conduct, as is necessary to give rise for supervisory liability under § 1983 for failure to train or supervise.[1] *Stuart,* 24 F. App'x at 955.  Similarly, Plaintiff's allegations fail to point to any particular policy or procedure that caused the alleged deprivation of his constitutional rights, much less how Defendant Jamison was responsible for the promulgation or implementation of that policy. Altogether, even assuming Plaintiff's allegations against DAPD can be construed against Defendant Jamison, they are too conclusory to plausibly support a claim for relief against Defendant Jamison.

---

[1] In addition, as discussed *supra,* Plaintiff's allegations against Defendant's Blackman and Gill fail to state a claim for violations of his constitutional rights and are barred by qualified immunity.  Defendant Jamison cannot be held liable in her supervisory role when there was no underlying constitutional violation.  *Serna v. Colo. Dep't of Corrs.,* 455 F.3d 1146, 1151 (10th Cir. 2006).

Accordingly, the court finds that Plaintiff has failed to establish that Defendant Jamison personally participated in any violation of Plaintiff's constitutional rights.  Therefore, Defendant Jamison is properly dismissed as a defendant in his individual capacity.

### C.   Qualified Immunity for Defendants Blackman and Gill

Defendants maintain that Defendants Blackman and Gill are entitled to qualified immunity from Plaintiff's § 1983 claim.  The court agrees.

The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

Although qualified immunity is most often raised at the summary judgment stage, the Tenth Circuit has recognized the propriety of raising a qualified immunity defense in a motion to dismiss. *See Pueblo Neighborhood Health Ctr., Inc. v. Losavio*, 847 F.2d 642, 645-46 (10th Cir. 1988).  Once the defense is asserted, the burden shifts to the plaintiff to establish (1) that the defendant's actions violated a federal constitutional or statutory right and (2) that the federal right was clearly established at the time of the challenged conduct. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1196 (10th Cir. 2010); *see also Losavio*, 847 F.2d at 646.  While the plaintiff bears this burden, at the motion to dismiss stage, well-pleaded factual allegations are taken as

true, although the court must consider whether they plausibly give rise to a claim for relief. *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010).

The plaintiff first must establish that his allegations, taken in the light most favorable to plaintiff, show that the defendants' conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If the plaintiff establishes a violation of a constitutional or statutory right, "the next, sequential step is to ask whether the right was clearly established." *Id*. This determination must be made "in light of the specific context of the case, not as a broad general proposition." *Id*. "The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as plaintiff maintains." *Mimics, Inc. v. Village of Angel Fire,* 394 F.3d 836, 841 (10th Cir. 2005). "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. If the plaintiff fails to satisfy either part of this "heavy two-part burden," the court must grant the defendant qualified immunity and dismiss the deficient claims. *See also Pearson v. Callahan,* 555 U.S. 223, 236 (2009) (the court may exercise its discretion in deciding which prong of the qualified immunity inquiry should be addressed first in light of the circumstances in the particular case at hand).

At the outset, the court finds that Plaintiff's First Amended Complaint is not a model of clarity. Plaintiff's sole claim for relief features allegations against all of the defendants—including the ten defendants already dismissed by Judge Babcock—and asserts only in the most general manner that their actions violated the Eighth, Fourth, and Fourteenth Amendments.

Notably, Plaintiff's First Amended Complaint fails to state what particular constitutional right
Defendant Blackman and Gill allegedly violated.

Defendants have construed Plaintiff's allegations to assert a claim for violations of his
Fourteenth Amendment right to procedural due process.  Even liberally construing Plaintiff's
Complaint, however, the court cannot agree with this construction.  Plaintiff's First Amended
Complaint does not mention "due process" whatsoever; much less claim a violation of his due
process rights.  Further, although Plaintiff cites in his Response to *Morrissey v. Brewer,* 408 U.S.
471, 479 (1972)—a procedural due process case that has been extended to probation revocation
proceedings, *Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973)—he does so only for the broad
proposition that a "parolee is entitled to retain his liberty as long as he substantially abides by the
conditions of his parole."  (Resp. at 6.)  Ultimately, to the extent Plaintiff intended to assert a
procedural due process claim, the court finds he has failed to comply with the pleading
requirements of Federal Rule of Civil Procedure 8.  *Nasious v. Two Unknown B.I.C.E. Agents*,
492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must
explain what each defendant did to him or her; when the defendant did it; how the defendant's
action harmed him or her; and, *what specific legal right the plaintiff believes the defendant
violated*.") (emphasis added).

Instead, the court construes Plaintiff's Complaint to assert only a Fourth Amendment
claim against Defendants Blackman and Gill.  More specifically, in his Response, Plaintiff
clarifies that he alleges Defendants Blackman and Gill violated his Fourth Amendment rights by
failing to include in the Complaint to Revoke Probation that Plaintiff lacked the financial ability

to comply with three unspecified terms of his probation.  (Resp. at 2.)  Further, in his proposed

Second Amended Complaint, filed March 11, 2014,[2] Plaintiff sought to allege that Defendants

"caused the initiation of the plaintiff's confinement and the continuation of his confinement with

malicious—i.e., knowing there was no basis for the plaintiff's confinement or acting with

reckless indifference to whether there was a basis for the plaintiff's confinement."  (Doc. No. 12-

1.)  As such, the court liberally construes Plaintiff's First Amended Complaint to assert a Fourth

Amendment claim for malicious prosecution.[3]

        In order to establish a claim for malicious prosecution, Plaintiff must show that the

probation revocation proceedings were initiated without probable cause.  *See, e.g., Tsankonas v.*

*Cicchi,* 308 F App'x 628, 630 (3d Cir. 2009); .  "Probable cause exists if facts and circumstances

within the arresting officer's knowledge and of which he or she has reasonably trustworthy

information are sufficient to lead a prudent person to believe that the arrestee has committed or is

committing an offense."  *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995).

        Here, Plaintiff fails to allege any facts raising a plausible inference that Defendants

lacked probable cause to believe Plaintiff had violated the terms of his probation.  Indeed, to the

---

[2] The court denied Plaintiff leave to file his Second Amended Complaint because Plaintiff's only asserted basis for amending the First Amended Complaint was "to allow the complaint to track with the [Judge Babcock's] March 6, 2014 Order." (*See* Mot. Am., Doc. No. 12.)  The court found that amendment was unnecessary because there was no need for Plaintiff to purge the previously dismissed claims and defendants.  (Minute Order, Doc. No. 14.)
[3] The court acknowledges that Defendants have not construed Plaintiff's First Amended Complaint to assert a malicious prosecution claim.  However, because Plaintiff is proceeding *in forma pauperis* (*see* Doc. No.4)*,* the court has authority to address Plaintiff's claim *sua sponte.*  *See* 28 U.S.C. § 1915(e)(2)(ii).  Furthermore, Defendants assertion of qualified immunity shifts to Plaintiff the burden of establishing that he has alleged a violation of a clearly established constitutional right.

contrary, Plaintiff effectively admits that he failed to comply with the terms of his probation by leaving Colorado without permission of his probation officer, Defendant Blackman. (*See* Am. Compl.¶ 23, 26, 33.)[4]

Ultimately, Plaintiff's allegations only challenge the fact that Defendants Blackman and Gill allegedly failed to state in their Complaint for Probation Revocation that Plaintiff lacked the financial ability to comply with three unspecified terms of his probation. (*See* Am. Compl. ¶¶ 68-72.)  However, Plaintiff has not identified a clearly established constitutional right that was violated by this omission.  More specifically, Plaintiff has not set forth, nor does the court's own research reveal, any case—much less a Supreme Court or Tenth Circuit case—holding that a probation officer violates a probationer's Fourth Amendment rights by failing to plead, in a probation revocation hearing, that the probationer lacks an ability to comply with the conditions of probation.

Instead, as discussed *infra.,* Plaintiff cites only to *Morrissey,* 408 U.S. at 479, for the proposition that a "parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole." (Resp. at 6.)  Again, however, Plaintiff effectively admits that he did not comply with the terms of his probation by leaving Colorado without authorization. Moreover, this broad, generalized proposition from *Morrissey* is clearly insufficient to put a reasonable officer in Defendant Blackman and Gill's position on notice that their conduct was unconstitutional under the circumstances.

---

[4] Moreover, the Denver District Court Judge issued an Order for Alias Warrant for Plaintiff's apprehension and detention.  (Am. Compl., Ex. 1.)

Finally, Plaintiff argues that Defendants' assertion of qualified immunity is premature because he has not been allowed to conduct discovery.  However, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  Because Plaintiff's allegations fail to state a violation of clearly established law, he is not entitled to discovery.

Accordingly, the court finds that Defendants Blackman and Gill are entitled to qualified immunity.[5]  Therefore, Plaintiff's § 1983 claim against Defendants Blackman and Gill for violations of his Fourth Amendment rights is properly dismissed.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that ""Defendants' Motion to Dismiss Based on Qualified Immunity and Lack of Subject Matter Jurisdiction" (Doc. No. 24) be GRANTED, and that Plaintiff's First Amended Complaint be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

---

[5] The Tenth Circuit has stated that dismissal of a *pro se* complaint is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.  *Perkins v. Kansas Dep't of Corrs.,* 165 F.3d 803, 806 (10th Cir. 1999).  In light of the complete void of any case law suggesting that Defendant Blackman and Gill's actions violated any clearly established constitutional right, the court finds it would be futile to allow Plaintiff an opportunity to amend to cure the deficiencies of his First Amended Complaint.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge